UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
VITCOM, LLC,                                              :
                                                          :
                                                          :  **Index No.** _____
                            Plaintiff,                    :
                                                          :
v.                                                        :
                                                          :
AT&T CORP.,                                               :
                                                          :
                            Defendant.                    :
------------------------------------------------------------:

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1441 *et seq*., Defendant AT&T Corp. ("AT&T") hereby notices removal of this action from the Supreme Court of the State of New York, County of New York, to the United States District Court for the Southern District of New York.

In further support of this Notice, AT&T asserts:

1. This Court has jurisdiction because this is a civil action "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331; *see also* 28 U.S.C. § 1441(a). Federal question jurisdiction exists because Plaintiff seeks recovery of interstate access charges pursuant to a federal tariff. *See Thurston Motor Lines v. Jordan K. Rand, Ltd.*, 460 U.S. 533, 534 (1983) (per curiam) (1983) ("federal-question jurisdiction existed over a suit to recover $145 allegedly due the carrier for an interstate shipment under tariffs") (discussing *Louisville & Nashville R. v. Rice*, 247 U.S. 201 (1918)); *Southern New England Tel. Co. v. Global NAPS Inc.*, 624 F.3d 123, 133 (2d Cir. 2010) ("It is well established that such a claim—to enforce the terms of a tariff, filed and approved pursuant to federal law—arises under federal law for the purpose of Article III and § 1331"). Further, the regulation of interstate calls is a matter of federal law under the Communications Act of 1934, 47 U.S.C. §§ 151 *et seq*.; *see id*. § 152(a) ("The provisions of

this act shall apply to *all* interstate and foreign communication . . . .") (emphasis added). Consequently, Plaintiff's claim for recovery arises under federal law. Because Plaintiff's claims in this case "aris[e] under" federal law, and because the other prerequisites for removal have been met, the Court has jurisdiction over this matter.

**I.     PLAINTIFF'S CLAIM CONCERNS INTERSTATE CALLS THAT IT ALLEGES TO HAVE PROVIDED PURSUANT TO AN INTERSTATE TARIFF AND ARISES UNDER FEDERAL LAW**

2.    On December 12, 2018 Plaintiff Vitcom, LLC ("Vitcom") filed its Complaint (captioned *Vitcom, LLC v. AT&T Corp.*, Index No. 653117/2018) in the Supreme Court of the State of New York, County of New York.

3.    Vitcom alleges that AT&T owes certain amounts for access services allegedly provided under Vitcom's tariffs. Specifically, Vitcom alleges that AT&T has "fail[ed] to pay for the use of Vitcom's facilities to deliver toll free calls from end user customers to AT&T's toll free service subscribers" and that Vitcom's "interstate access tariff" (as well as its intrastate access tariffs) "set forth and control the amount AT&T must pay to Vitcom." *See* Complaint ¶¶ 1, 4-5. In short, Vitcom alleges that it filed an interstate tariff according to federal law, and its claims seek to enforce its filed interstate tariff—which means that Vitcom's claims arise under federal law. *Southern New England Tel.*, 624 F.3d at 133.[1]

4.    Under the existing regulatory regime, although state public utility commissions have authority to regulate intrastate calls (calls from one point to another within a state), interstate calls are subject to federal law and are under the jurisdiction of the Federal Communications Commission ("FCC"). *See* 47 U.S.C. §§ 152(a), 153(28) (defining "interstate communication").

---

[1] To the extent that Vitcom seeks to recover charges for intrastate calls pursuant to its intrastate tariffs, this Court would have supplemental jurisdiction over those claims under 28 U.S.C. § 1367(a).

## II. DEFENDANT HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL

5. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, orders and other documents filed in the state court action are attached as Exhibit A.

6. Vitcom's Complaint setting forth the specific nature of Plaintiff's claims was filed in New York state court on December 12, 2018.[2] Therefore, AT&T is filing this Notice within thirty days of service of the Complaint, and removal is timely pursuant to 28 U.S.C. § 1446(b).

7. The United States District Court for the Southern District of New York is part of "the district and division embracing the place where" this action was filed. 28 U.S.C. § 1441(a); *see* 28 U.S.C. § 1446(a); 28 U.S.C. § 112(b).

8. A copy of this Notice is being served on Plaintiff, and a copy is being filed with the state court. *See* 28 U.S.C. § 1446(d).

9. The prerequisites for removal under 28 U.S.C. § 1441 have been met.

10. If any question arises as to the propriety of the removal of this action, AT&T requests the opportunity to present a brief and oral argument in support of its position that this case is removable.

11. Because the Complaint arises under federal law, for the reasons explained above, this Court has jurisdiction over this matter under 28 U.S.C. §§ 1331, 1441, and 1367.

---

[2] AT&T was served with a summons without complaint on October 16, 2018, and immediately filed a Notice of Demand for Complaint. Thereafter, Vitcom requested, and AT&T agreed to, an extension to file its Complaint until December 17, 2018.

WHEREFORE, Defendant AT&T removes this action from the Supreme Court of the State of New York, County of New York, to this Court, the United States District Court for the Southern District of New York.

Dated:  January 10, 2019

Respectfully submitted,

/s/ Eamon P. Joyce

Eamon P. Joyce
(ejoyce@sidley.com)
SIDLEY AUSTIN LLP
787 Seventh Avenue
New York, New York 10019
Telephone: (212) 839-5300
Facsimile:  (212) 839-5599

James F. Bendernagel, Jr.
(jbendernagel@sidley.com)
SIDLEY AUSTIN LLP
1501 K St., N.W.
Washington, D.C. 20005
Telephone: (202) 736-8000
Facsimile:  (202) 736-8711

*Attorneys for Defendant AT&T Corp.*